Pearl Berry, Appellee, v. Edwin W. Berry, Appellant.

Gen. No. 5,936.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES
WHITNEY, Judge, presiding.   Heard in this court at the April
term, 1914.   Affirmed.   Opinion filed July 31, 1914.   Rehearing
denied October 8, 1914.

## Statement of the Case.

Action by Pearl Berry against Edwin W. Berry for
separate maintenance.   From a decree for separate
maintenance and for solicitors' fees and costs of suit
and custody of a child three years of age, defendant
appeals.

Upon the question of issuing a writ of *ne exeat* in a
divorce case to secure the payment of alimony, the
court cited the following authorities: *Mac Kenzie v.
Mac Kenzie*, 141 Ill. App. 126; *Denton v. Denton*, 1
Johns ch. (N. Y.) 364, 441, and cases cited.

HEYDECKER & JORGENSON and E. V. ORVIS, for appel-
lant.

H. C. COULSON and R. F. FOWLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the
court.

## Abstract of the Decision.

1.   HUSBAND AND WIFE, § 267*—*when decree for separate mainte-
nance will not be disturbed.*   Where a decree for separate mainte-
nance is entered upon conflicting evidence, it will not be disturbed
on review, if there is sufficient evidence to support complainant's
contention.

2.   HUSBAND AND WIFE, § 249*—*solicitors' fees not excessive.*   An
allowance of fifty dollars for solicitors' fees in an action for separate
maintenance is *held* not to be excessive, there being no question
as to the court's right to make such an allowance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

3.  NE EXEAT, § 8*—*when objection to power of court to issue not preserved for review.*  Where an appeal bond does not recite an appeal from a distinct order for a writ of *ne exeat,* which was not questioned in the trial court, the question whether the issuance of such a writ was beyond the powers of the court because not within the letter of the statute was not saved for review.

WHITNEY, J., took no part in this decision.